**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JATINDER KAUR, | No. 09-70125 |
| Petitioner, | Agency No. A098-135-255 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2012**

Before:     SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Jatinder Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing her appeal from an immigration

judge's ("IJ") decision denying her application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *Marcos v. Gonzales*, 410 F.3d 1112, 1116 (9th Cir. 2005). Because the BIA relied upon all of the IJ's findings, we review the IJ's findings. *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). We grant the petition for review and remand.

The IJ erred in relying on discrepancies regarding the dates when Kaur's husband and son were arrested because the discrepancies are minor and do not go to the heart of her claim. *See Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir. 2003).

The IJ also erred in supporting its adverse credibility determination on the basis of discrepancies between Kaur's testimony at her merits hearing and the asylum officer's Assessment to Refer ("Assessment") because the asylum officer did not testify at the merits hearing and there was no indication that Kaur was provided with an opportunity to review the Assessment prior to the merits hearing. *See Singh v. Gonzales*, 403 F.3d 1081, 1089-90 (9th Cir. 2005) (statements in an Assessment to Refer could not serve as substantial evidence supporting the adverse credibility finding absent indicia of reliability).

The IJ's remaining findings, including discrepancies regarding whether Kaur's passport was issued before or after her husband's death, impermissibly rely upon minor details that do not go to the heart of Kaur's claim. *See Garrovillas v.*

*INS*, 156 F.3d 1010, 1014 (9th Cir. 1998).  Accordingly, substantial evidence does not support the IJ's adverse credibility determination.  *See Tekle v. Mukasey*, 533 F.3d 1044, 1055 (9th Cir. 2008).

Finally, the IJ faulted Kaur for not introducing corroborating testimony from her son in the United States.  Because the IJ's other adverse credibility findings are unsupported, lack of corroboration alone cannot support the credibility finding. *See Marcos*, 410 F.3d at 1118.  Moreover, Kaur provided documentary evidence of facts to which her son would testify.  *See Chen v. Ashcroft*, 362 F.3d 611, 620-21 (9th Cir. 2004) (error to rely on failure of relative to testify on applicant's behalf where applicant produced other corroborating evidence regarding her claim).

It is apparent from the record that the agency listed all possible reasons to support an adverse credibility determination.  *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1095-95 (9th Cir. 2009).  Accordingly, we grant the petition for review and remand to the agency to assess Kaur's claims on the merits, deeming her testimony credible.  *See id.*; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**